IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-CV-234-FL

| | |
|---|---|
| NATIVE ANGELS HOME HEALTH, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| SYLVIA MATHEWS BURWELL, *in her official capacity as* Secretary *of the United States Department of Health and Human Services*, ) | |
| ) | |
| Defendant. ) | |

This order memorializes and amplifies upon issues decided at hearing June 11, 2015. The court's framework for continued address of case issues also is discussed below.

**BACKGROUND**

As provided in the complaint, plaintiff, a home health agency located in Fayetteville, North Carolina, and current participant in the federal Medicare program, seeks a court order enjoining defendant from revoking its Medicare billing privileges. (Compl. ¶¶4, 13-14). Plaintiff contends that if this court denies its motion for injunctive relief, that denial will negatively affect the quality of healthcare available in an otherwise poor and rural community. (See id. ¶7).

On or about May 6, 2015, defendant, through the Centers for Medicare and Medicaid Services ("CMS"), issued a letter informing plaintiff that defendant was revoking plaintiff's Medicare billing privileges, effective June 5, 2015. (Id. ¶4). In its notice, defendant cited as the

basis for its decision plaintiff's submission to Medicare of 56 claims "without a valid order from a physician," suggesting Medicare fraud, spanning the period from January 1, 2011, until September 19, 2014. (Id.). Although defendant did not disclose the specific patient names or billing discrepancies with the notice, on May 14, 2015, defendant provided to plaintiff, through email, a list of the patient names at issue. (Id. ¶¶4-5). However, the May 14, 2015, email did not provide any explanation for defendant's claim the 56 patients had no "valid order from a physician. (Id.).

Plaintiff recently initiated an administrative appeal. (Id. ¶¶10, 36, 39). Within three days after receipt of defendant's notice, plaintiff contacted both Medicare's administrative contractor, Palmetto GBA, as well as CMS' general counsel, for the purpose of requesting a deferral. (Id.). However, each agency denied plaintiff relief. (Id. ¶10). On May 21, 2015, plaintiff filed with CMS' Office of Provider Enrollment Appeals a motion for reconsideration of defendant's decision. (Jacobs-Ghaffar Decl.. DE 5-7, ¶13). In support of its motion, plaintiff advised that the billing discrepancy was the result of an error in its billing software, which had been remedied. (Id. ¶¶11-12, & Ex. B.L.). The Office of Provider Enrollment Appeals advised plaintiff that it would reconsider defendant's decision, and issue a decision on such reconsideration within 90 days. (Compl. ¶10).

On June 4, 2015, the court entered order granting plaintiff's motion for a temporary restraining order ("TRO"), and set hearing on plaintiff's motion for preliminary injunction for June 11, 2015. On June 9, 2015, defendant filed a cursory motion to dismiss, without any stated support in the law, for lack of subject matter jurisdiction, based on mootness, as well as a motion to continue the hearing. The court denied defendant's motion to continue by text order entered June 10, 2015.

**DISCUSSION**

A.  Subject Matter Jurisdiction

In the court's order granting plaintiff's motion for a TRO, the court relied on the Administrative Procedure Act, 5 U.S.C. § 705, as its basis for jurisdiction. Reliance on the Administrative Procedure Act was in error, as noted at hearing. Nevertheless, the court finds the exercise of subject matter jurisdiction permissible on the basis set out below.

As applied to the Medicare Act via 42 U.S.C. § 1395ii, 42 U.S.C. 405(h) provides that "'[n]o action . . . to recover on any claim' arising under the Medicare laws shall be 'brought under section 1331 . . . of title 28.'" Shalala v. Ill. Council on Long Term Care, Inc., 529 U.S. 1, 5 (2000) (quoting 42 U.S.C. § 405(h)). Thus, as a general rule, neither Constitutional claims, Weinberger v. Salfi, 422 U.S. 749, 760-61 (1975), nor claims made under the Administrative Procedure Act, Heckler v. Ringer, 566 U.S. 602, 622-23 (1984), are cognizable without first being submitted to defendant. See Illinois Council, 529 U.S. at 15-20.

However, the jurisdictional exclusivity of the Medicare Act is subject to two exceptions. One such exception, applicable here, is the "entirely collateral" exception. In Mathews v. Eldridge, 424 U.S. 319 (1976), the Supreme Court held that where defendant renders a decision, Constitutional challenges arising from that decision need not be presented to defendant for reconsideration because defendant "ha[s] no power to amend the statute" prescribing the allegedly unconstitutional procedures, and such challenges are "entirely collateral" to plaintiff's claim on the merits. Id. at 329-31.

The Fourth Circuit interpreted the "entirely collateral" exception in Ram v. Heckler, 792 F.2d 444 (4th Cir. 1986), and that case, with which defendant's counsel was not familiar, controls here.

3

The plaintiff, a doctor in Ram, filed an action alleging a deprivation of procedural due process after defendant notified him of an impending suspension of his Medicare billing privileges without benefit of a hearing, while an administrative appeal of defendant's decision was pending. See id. at 445. On those facts, the Fourth Circuit held the "entirely collateral" exception gave the district court jurisdiction over plaintiff's claim, finding that an administrative decision in plaintiff's favor would not remedy his Constitutional complaint, and that plaintiff had stated "at least a colorable" due process claim. Id. at 446.

In the case at bar, plaintiff's complaint alleges a procedural due process violation flowing from defendant's failure to hold a pre-deprivation hearing. Plaintiff filed this action after defendant provided notice of an impending suspension of its Medicare billing privileges. Although plaintiff has filed an administrative appeal, a favorable decision on reconsideration will not remedy any harm suffered by plaintiff accruing from defendant's initial decision. Finally, as defendant provided no pre-termination hearing, plaintiff has stated at least a colorable claim for deprivation of procedural due process. In sum, because plaintiff's constitutional claim is entirely collateral to its administrative appeal, the court finds the exercise of subject matter jurisdiction permissible.

B.   TRO

Federal Rule of Civil Procedure 65 authorizes entry of TROs providing temporary injunctive relief for a period up to an including 14 days. Fed. R. Civ. P. 65(b). In the usual case, a TRO expires at or after the time set for hearing on the accompanying motion for preliminary injunction. However, for good cause shown, a court may "extend the TRO for a [successive period up to and including 14 days]." Id. Good cause exists in this case, and for the following reasons the court will extend its TRO.

4

In its June 4, 2015, order granting plaintiff's motion for TRO, the court set hearing on plaintiff's motion on preliminary injunction for June 11, 2015. Despite a week's notice, counsel for the government was unprepared to proceed on the merits. Counsel apparently assumed that the government's unsupported motion to dismiss the case on the ground of mootness would be granted. However, such motion was denied.

As an initial matter, in making its motion to dismiss, the United States failed to comply with the applicable Local Rule. Local Rule 7.1(d) provides "[A]ll motions made . . . <u>shall be filed with an accompanying supporting memorandum</u>." E.D.N.C. Local Civ. R. 7.1(d). In this instance, no memorandum was filed. In addition, government's motion itself is wanting in legal citation. <u>Id.</u> 7.2(a).

Turning to the substance of the motion, the government contends it reversed its decision to revoke plaintiff's billing privileges, mooting the matter before the court. Testimony offered by plaintiff disputes the government's lawyer's recitations at hearing that the government has reversed its decision. Even if counsel's proffer is correct, despite testimony that plaintiff's billing codes no longer are accepted even for services provided prior to June 5, 2015, the government's mootness argument fails, without more, under the doctrine of voluntary cessation. <u>Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.</u>, 528 U.S. 167, 189 (2000). A "defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." <u>Id.</u> (internal quotations and citations omitted). The standard for mootness following voluntary cessation is "stringent": a case becomes moot only if defendant can persuade the court that subsequent events make it "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." <u>Id.</u> (internal quotations and citations omitted). Government

5

counsel's bald assertions of fact, unadorned by supporting witnesses or evidence, fall far short of the government's "stringent" burden of making it "absolutely clear that" similar conduct will not occur in the future. Id.

Given the government's lack of preparation in defense of plaintiff's motion, and the strength of plaintiff's evidentiary showing, discussed more particularly below, the court finds good cause to extend its TRO. The TRO is extended an additional 11 days, up to and including June 23, 2015.

C.  Show Cause

At hearing, plaintiff elicited testimony from plaintiff's proprietor, Bobbie Jacobs-Ghaffar, to the effect that after entry of the court's order granting plaintiff's motion for a TRO, defendant nevertheless revoked plaintiff's Medicare billing privileges on June 5, 2015. In response, defendant's counsel proffered that any revocation surely must be an inadvertent error accruing from a technical "glitch". Defendant provided no evidence to that effect and, moreover, as noted, defendant's proffer was contrary to aspects of the testimony of Jacobs-Ghaff. Defendant is DIRECTED to SHOW CAUSE, if any, why defendant should not be held in civil contempt for failure to comply with the TRO. **The court sets show cause hearing for 9:00 AM, Monday, June 22, 2015. At that time, the court also will hear argument on plaintiff's motion for preliminary injunction.**

## CONCLUSION

Based on the foregoing, defendant's motion to dismiss is DENIED. (DE 9). The court's temporary restraining order is continued. Plaintiff's motion for preliminary injunction, (DE 4), is HELD IN ABEYANCE pending hearing as herein noticed. Defendant is DIRECTED to appear and show case then as to why defendant should not be held in contempt for failure to comply with the

court's prior restraining order.

SO ORDERED, at 2:12 p.m. this the 12th day of June, 2015.

*[signature]*

_____
LOUISE W. FLANAGAN
United States District Judge